UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AVILA,<br><br>    Petitioner,<br>  v.<br>MATTHEW CATE, Secretary,<br><br>    Respondent. | Civil No. 07cv1709 L (NLS)<br><br>**ORDER SUA SPONTE<br>SUBSTITUTING RESPONDENT** |

  On August 29, 2007, Petitioner, proceeding pro se, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. At the time of filing, Petitioner was apparently housed at Calipatria State Prison and thus named L.E. Scribner, Warden, as Respondent. Based on the notice of change of address Petitioner submitted to the Court on October 3, 2008, it appears Petitioner is no longer housed at Calipatria State Prison; rather, it appears he is presently incarcerated at Mule Creek State Prison in Ione, California.

  Additionally, Jerry Brown, the Attorney General of the State of California, is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "if the applicant is not presently in custody pursuant to a state judgement against which he seeks relief but may be subject to such custody in the future," then "the officer having present custody of the applicant as well as the attorney general of the state in which the judgment which he seeks to attack was entered shall each be named as respondents." Rule 2 (b), 28 U.S.C.

1  foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a
2  respondent in this action.

3      A writ of habeas corpus acts upon the custodian of the state prisoner. See 28 U.S.C.
4  § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Because Petitioner's place of custody has changed,
5  so has his custodian. Accordingly, in order to conform with the requirements of Rule 2(a) of the
6  Rules Governing § 2254 Cases and to avoid changing the Respondent again if Petitioner is
7  transferred to another prison or paroled, the Court hereby sua sponte **ORDERS** the substitution
8  of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as
9  Respondent in place of "L.E. Scribner" and "Jerry Brown." *See Ortiz-Sandoval v. Gomez*, 81
10 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief
11 officer in charge of state penal institutions).

12     The Clerk of the Court shall modify the docket to reflect "Matthew Cate, Secretary" as
13 respondent in place of "L.E. Scribner" and "Jerry Brown."

14     **IT IS SO ORDERED.**

15 DATED: October 8, 2008

17 Hon. Nita L. Stormes
U.S. Magistrate Judge