

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AVILA,<br><br>　　　　　Petitioner,<br>v.<br><br>L.E. SCRIBNER, Warden,<br><br>　　　　　Respondent. | Civil No.07cv1709 L (NLS)<br><br>**SUPPLEMENTAL REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1]<br>[Doc. No. 18] |

Petitioner David Avila ("Avila"), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. 1.] Avila claims that his due process rights were violated because he was denied parole; and his due process rights and rights under the Eighth Amendment were violated by delay of his parole hearing. [*Id.*] The Hon. M. James Lorenz referred the case to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). This Court issued a Report and Recommendation for Order Denying Petition for Writ of Habeas Corpus ("Report and Recommendation"), recommending that the Petition be denied in its entirety. [Doc. No. 12.] Avila filed timely objections. [Doc. No. 15.] Respondent did not respond. The District Court Judge issued an Order Adopting In Part and Rejecting In Part Report and Recommendation and Remanding the Case to the Magistrate Judge for a Supplemental Report and Recommendation ("Order") solely pertaining to Avila's due process issue regarding delay in parole proceedings. [Doc. No. 18.] After further review, with respect to the due process claim based on delay in the parole proceedings, the Court **RECOMMENDS** that the Petition be

**DENIED.**

## SUMMARY OF RELEVANT FACTS[1]

On August 11, 1986, Avila pled guilty to first degree murder and received a sentence of 25 years to life. (Pet. Ex. A at 1.) Avila became eligible for parole July 6, 2004. (Lodgment at 5.) His first parole hearing took place before the Board of Parole Hearings ("Board") July 16, 2003. (Pet. Ex. D. at 53.) After deliberation, the Board determined Avila would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (Lodgment at 82.) As a result, Avila was denied parole for two years. (Pet. Ex. D. at 53.) On January 10, 2006, two and one-half years after the first parole hearing, Avila received his second parole suitability hearing and was again denied parole for two years. (Pet. Ex. A. at 92.) Most recently, on January 16, 2008, Avila was denied parole, after his third consideration hearing. (Objections at 8.) The only issue presently before the Court is whether the six month delay between the time Avila became eligible for a second parole hearing (July 2005) and the time he actually received the hearing (January 10, 2006) violated his due process rights. (*See* Order at 2.)

## LEGAL STANDARD

### AEDPA Governs this Petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-337 (1997). Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). "Clearly established federal law," for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

### Decisions that Contradict or Unreasonably Apply Federal Law.

A federal habeas court may grant relief where the state court (1) decides a case "contrary to"

---

[1] The extensive account of relevant facts is contained in the Court's Report and Recommendation for Order Denying Petition for Writ of Habeas Corpus. [Doc. No. 12 at 2-4.]

federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may also grant habeas relief where a state court decision is an "unreasonable application" of federal law, such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the facts at issue. *Id.*

The state court decision must be more than incorrect or erroneous; to warrant habeas relief the state court's application of "clearly established federal law" must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "Objectively unreasonable" differs from "clear error" in that a federal court cannot grant habeas relief only because it believes that the state court erroneously or incorrectly applied "clearly established federal law;" the application must be objectively unreasonable. *Id.* at 75-76 (internal citation omitted).

**Decisions Based on an Unreasonable Determination of the Facts.**

Section 2254(e)(1) provides: "[a] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

### DUE PROCESS VIOLATION BASED ON DELAY

Avila argues that he has a specific liberty interest in a timely parole consideration hearing. (Objections at 13.) Specifically, Avila argues that the six month delay between the time he was eligible for his second parole hearing and the actual date of the second hearing was without good cause and an "obvious abuse of significant constitutional proportion." (Pet. Memo Ps&As at 36.) According to Avila, such a "significant delay of his due process right to a parole consideration hearing should require adequate procedural due process protections by notifying the parole applicant with 'good cause' reason[s] for such a significant delay[s] [*sic*]." (*Id.* at 37-38.) He further contends that because he was not informed of the reason for the delay he suffered "anxiety and concern." (*Id.* at 36.) Avila claims the Board has a "track record" of such delays and fears that he will continue to suffer similar delays which will inevitably result in lengthening his confinement. (*Id.* at 36-37.) As a result, Avila requests that the six months time he spent waiting for his second parole hearing either be subtracted from: (1) any future

deferment or denial of parole; (2) any consecutive sentence(s); or (3) his actual time on parole. (*Id.* at 38.)

As addressed in this Court's earlier report and recommendation, federal law provides that Avila may demonstrate a procedural due process violation by showing that: (1) a federally-protected life, liberty or property interest exists and has been subject to interference by the state; and (2) the procedures attendant upon the deprivation of that interest were constitutionally insufficient. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court held that the expectancy of release provided in a Nebraska parole statute "is entitled to some measure of constitutional protection," but because the language and structure of the statute was unique, "whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 12 (1979); *see Bd. of Pardons v. Allen*, 482 U.S. 369, 377-378 (1987) (holding that mandatory language in Montana parole statute created a presumption that parole will be granted which gave rise to a protected liberty interest). A parole board satisfies due process in a state parole hearing where the state parole procedures afford (1) an opportunity to be heard; and (2) a statement of reasons for denying parole. *Id.* at 16. Nevertheless, "there is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Greenholz,* 442 U.S. at 9.

Mandatory language in the California parole statute, Cal. Penal Code § 3041, "gives rise to a cognizable liberty interest in release on parole." *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). This liberty interest is "created, not upon the grant of a parole date, but upon the incarceration of the inmate." *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003). Although the California Supreme Court has held that § 3041's language does not establish a mandatory duty to set a release date for indeterminate life inmates, *In re Dannenberg*, 34 Cal.4th 1061 (2005), California prisoners maintain a liberty interest in release on parole. *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006).

Due Process requirements vary according to the private and governmental interests at stake, as well as the circumstances surrounding the deprivation. *Biggs,* 334 F.3d at 916 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Due process cannot become a 'mechanical instrument....It is a

process.' *Id.* at 916-17 (citing *Lankford v. Idaho,* 500 U.S. 110, 121 (1991)). The Court of Appeals for the Ninth Circuit has held that a delayed parole hearing is not a due process violation unless the petitioner establishes that the delay was both unreasonable and prejudicial. *Camacho v. White,* 918 F.2d 74, 78-80 (9th Cir. 1990). "[A] habeas petitioner who has been deprived of timely parole consideration is entitled to a hearing, not release." *Jefferson v. Hart,* 84 F.3d 1314, 1316 (10th Cir. 1996) (citing *Jones v. U.S. Bureau of Prisons,* 903 F.2d 1178, 1181 (8th Cir.1990); *Clifton v. Attorney General of the State of California,* 997 F.2d 660, 665 (9th Cir.1993); cf. *McNeal v. United States,* 553 F.2d 66, 68 (10th Cir.1977) (delay in holding parole revocation hearing not per se violation of due process entitling inmate to release)). Due process considerations do not require restoring time in the manner Avila requests in this Petition. See *Camacho,* 918 F. 2d at 79.

In the present case, Avila has received three parole suitability hearings. (Objections at 8.) Avila was denied parole for two years at his first hearing in July 2003. (Pet. Memo Ps&As at 36.) Although Avila's next hearing took place roughly thirty (30) months later, he did receive another hearing and the parole board again denied him parole. (*Id.*) Thus, any procedural error was cured once the new hearing took place. See *Johnson v. Paparozzi,* 219 F. Supp. 2d 635, 642 (D.N.J. 2002). "While extensive delay in holding a hearing may violate a prisoner's due process rights, 'procedural errors are generally cured by holding a new hearing in compliance with due process requirements.'" *Id.* (citing *Burgos v. New Jersey State Parole Board,* 2000 WL 33722126 *1, *9 (D.N.J. Aug. 7, 2000)). Under the circumstances in this case, Avila has received all of the relief he is entitled—a second parole eligibility hearing. See *Jefferson,* 84 F.3d at 1316-17.

Avila cites *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972), to support the contention that a hearing must take place within a reasonable time. *Morrissey,* however, involved a parole revocation hearing rather than a delay in holding a parole consideration hearing. *Id.* The Court held that "a revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Id.* The Court further reasoned that a two month delay would not appear unreasonable on due process grounds. *Id.* Unlike the rigid scheme Avila proposes, the Supreme Court expressed its preference for a flexible structure for parole schemes so as not to greatly burden States' parole systems. *Id.* at 490. Avila does not contend that the failure to hold a timely hearing prevented him from being released on parole.

Therefore, even if Avila was not provided with a timely parole consideration hearing, Avila has not demonstrated the prejudice necessary for habeas relief. *See Hopper v. U.S. Parole Com'n*, 702 F.2d 842, 847-48 (9th Circ. 1983).

Similarly, in *Biggs v. California*, 2006 WL 2621057 *1 (E.D. Cal. Sept. 12, 2006)[2], the petitioner alleged that he was not provided with timely parole hearings and sought an order requiring timely parole hearings. Specifically, Biggs alleged that he should have had a parole hearing December 6, 2003, and because his hearing did not take place until April 16, 2004—more than four months later—he was denied due process. *Id.* at *3. The court held that due process in parole hearings did not include receiving a parole hearing on the exact date the state regulations called for. *Id.* (citing *Johnson*, 219 F. Supp. 2d at 652). "The denial of a timely parole proceeding is not a per se violation of due process." *Id.* (citing *Jefferson v. Hart*, 84 F.3d 1314, 1316-17 (10th Cir. 1996)). In *Biggs*, the court reasoned that the prisoner must show prejudice from a delay for a due process violation to occur. *Id.* at *3-4. Because petitioner failed to state any resulting prejudice, no due process violation took place. *Id.*

Furthermore, in *William v. Bd. of Prison Terms*, 2006 WL 463128 *1, *10 (E.D. Cal. Feb. 24, 2006), the petitioner argued that his parole hearing was delayed for ten months and that the parole board did not take the ten month delay into consideration when scheduling his next parole hearing. The court held that petitioner failed to show he suffered prejudice due to the delay and accordingly, the delay did not violate petitioner's right to due process. *Id.* Likewise, Avila has not presented any evidence of prejudice and has received two hearings since the alleged delay. The Court therefore **RECOMMENDS** that Avila's due process claim based on delay between his first and second parole hearings be **DENIED**.

### CONCLUSION

Based on the foregoing, the Court recommends Petitioner's due process claim based on delay in his parole proceedings be **DENIED**. This final claim having been addressed, the Court further recommends the Petition now be **DENIED** in its entirety.

///

---

[2] Unpublished Ninth Circuit decisions may be cited starting with decisions issued in or after January 1, 2007. *See* Ninth Cir. Rule 36-3. Although still not binding precedent, unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority.

This supplemental report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than *March 23, 2009*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Supplemental Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *March 30, 2009*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge