UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AVILA,<br><br>   Petitioner,<br><br>v.<br><br>L. E. SCRIBNER, Warden,<br><br>   Respondent. | Civil No. 07cv1709-L(NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner David Avila, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). He claimed that his due process rights were violated because he was denied parole and that his due process and Eighth Amendment rights were violated by delay in the parole proceedings. For the reasons which follow, the Petition is **DENIED**.

The case was referred to United States Magistrate Judge Nita L. Stormes pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). The Magistrate Judge issued a report and recommended the Petition be denied in its entirety. By order filed December 22, 2008, the court adopted the report and recommendation in part, and denied Petitioner's claims that the denial of parole violated his due process rights and that the delay in the parole proceedings violated his Eighth Amendment rights. The only remaining claim, whether the delay violated Petitioner's due process rights, was referred to the Magistrate Judge for a supplemental report and

recommendation. On February 19, 2009 the Magistrate Judge issued a supplemental report and recommended the claim be denied. After two extensions of time, Petitioner timely filed his objections. Respondent did not respond.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review). Petitioner objects to the recommendation to deny his only remaining claim. Upon performing the requisite *de novo* review, the court concurs with Judge Stormes' recommendation to deny the claim.

In 1986 Petitioner pled guilty to first degree murder and received a sentence of 25 years to life. He became eligible for parole on July 6, 2004. (Pet. Ex. A at 1.) At his first parole hearing on July 16, 2003 parole was denied for two years. (Pet. Ex. D at 53.) After two years and six months, on January 10, 2006, parole was denied again for two years. (Pet. Ex. A at 92.) Petitioner was denied parole again on January 16, 2008. (Objections filed Aug. 11, 2008 at 8). Only the 2006 parole hearing is at issue in the Petition before this court.

There was a six-month delay between the date Petitioner was eligible for his second parole hearing and January 10, 2006, when his second parole hearing was held. Petitioner contends that the delay, for which he did not receive any explanation or credit, violated his due process rights.

As relevant in this case, to grant relief, the court must find that the State court adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "We analyze a due process claim in two steps. '[T]he first asks whether there exists a liberty or property interest which has been

interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006), quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). California's parole scheme gives rise to a cognizable liberty interest in release on parole. *Id*. Petitioner cited no clearly established Federal law, and this court is aware of none, which addresses the issue whether delay in parole consideration hearings violates due process. This is sufficient to deny relief. 28 U.S.C. § 2254(d)(1).

Alternatively, in the context of parole revocation, due process requires that hearing be "tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). "[A] due process violation occurs only when the petitioner establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial." *Camacho v. White*, 918 F.2d 74, 79 (9th Cir. 1990). If the petitioner fails to show prejudice from the delay, the petition can be denied. *See Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 845 (9th Cir. 1983).

If the same standard applied to parole consideration hearings, Petitioner would have to show he was prejudiced by the delay. He argues that the "insidious practice" of delaying parole consideration hearings "clearly lengthens Petitioner's sentence." (Objections filed Apr. 29, 2009 at 6.) He provided no basis for this argument. The six-month delay before the 2006 hearing pushed forward the 2008 parole hearing, which was held two years after the 2006 hearing. However, Petitioner was denied parole in 2006 and again in 2008. The delay therefore had no effect on the length of his incarceration.

However, consideration for *release* on parole "and parole *revocation* are quite different. There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 9 (1979) (emphasis in original). Prior to parole revocation, a parolee is at liberty, may be gainfully employed and is free to be with family and friends. *Id*. An inmate being considered for parole, on the other hand, is "confined and thus subject to all of the necessary restraints that inhere in a prison." *Id*. "The differences between an initial grant of

parole and the revocation of the conditional liberty of the parolee are well recognized. . . . It is not sophistic to attach greater importance to a person's justifiable reliance in maintaining his conditional freedom so long as he abides by the conditions of his release, than to his mere anticipation or hope of freedom." *Id.* at 10 (internal quotation marks and citations omitted).

Because parole revocation involves a greater liberty interest than parole consideration, parole consideration does not require the same level of procedural protection as is afforded in the parole revocation context. *See id.* at 12-16; *see also Morrissey*, 408 U.S. at 481 (what process is due is determined in part based on the nature of the private interest affected by government action). As discussed above, Petitioner cannot establish that the six-month delay violated due process under the standard established for parole revocation. *A fortiori*, he cannot establish a due process violation in the parole consideration context.

Based on the foregoing, the Report and Recommendation is **ADOPTED** as modified herein. The Petition is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 6, 2009

                                             M. James Lorenz
                                             United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL